UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **GEORGE TROTTI,** § | |
| **TDCJ No. 00380108,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil No. SA-20-CA-01330-XR |
| § | |
| **BOBBY LUMPKIN, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| § | |
| Respondent. § | |

## ORDER OF DISMISSAL

Before the Court is Petitioner George Trotti's petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 (ECF No. 1) and accompanying Memorandum in Support (ECF No. 2), Respondent Bobby Lumpkin's Answer (ECF No. 10), and Petitioner's Reply (ECF No. 13) thereto. For the reasons set forth below, Petitioner's federal habeas corpus petition is dismissed without prejudice for lack of jurisdiction. Petitioner is also denied a certificate of appealability.

## Analysis

According to his petition and supplemental memorandum, Petitioner was charged by indictment with the felony offense of sexual assault alleged to have occurred in Bexar County during April 2018. After the charge was reduced to misdemeanor assault with bodily injury, Petitioner pled no contest and was sentenced to one year of imprisonment. *State v. Trotti*, No. 2018-CR-7385 (379th Dist. Ct., Bexar Cnty., Tex. Aug. 7, 2019); (ECF No. 2 at 47-60). The trial court gave Petitioner credit for jail time already served and pronounced the sentenced to be satisfied. (ECF No. 2 at 58-59). Petitioner now challenges the constitutionality of this conviction, arguing: (1) he is innocent of the offense and was coerced into pleading, (2) he was

the victim of police and prosecutorial misconduct, (3) he was denied his right to state habeas corpus review, (4) his trial counsel were ineffective, and (5) there was insufficient evidence to support the conviction.[1]

Petitioner has already fully discharged the 2019 sentence and is no longer "in custody" pursuant to this conviction.[2]  Thus, this court lacks jurisdiction under 28 U.S.C. § 2254 to entertain his challenge.  *Maleng v. Cook*, 490 U.S. 485, 492 (1989) ("While we have very liberally construed the 'in custody' requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction.").  Even if Petitioner were to challenge another conviction as having been improperly enhanced based upon his 1991 convictions, that effort would likewise be foreclosed by well-settled Supreme Court precedent.  *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001) (holding that attacks on expired convictions, even when used to enhance current sentences, generally do not state a cognizable claim in § 2254 proceedings).

The Supreme Court recognized two exceptions to the foreclosure principle it announced in *Lackawanna*.  The first applies to cases in which a criminal defendant was denied the assistance of counsel in violation of the fundamental constitutional principle announced in *Gideon v. Wainwright*, 372 U.S. 335 (1963).  *Lackawanna*, 532 U.S. at 404-05.  Petitioner does not make such an allegation.  The second exception applies in situations in which either (1) some state action prevented the petitioner from raising or obtaining review of a federal

---

[1] Respondent incorrectly asserts that Petitioner seeks to challenge the subsequent revocation of his parole as a result of this conviction instead of challenging the conviction itself.  This is controverted by the claims raised in Petitioner's memorandum in support and by Petitioner's Reply.  *See* ECF No. 13 at 2 (explaining that Petitioner's claims "attacked the void plea bargain contract/understanding and not the collateral consequence of the parole violation.").

[2] Petitioner is currently in the custody of TDCJ, albeit for a separate 1984 conviction for aggravated sexual assault.  *State v. Trotti*, No. 74,596 (299th Dist. Ct., Travis Cnty., Tex. July 10, 1984); (ECF No. 11-22 at 59-62).

constitutional claim or (2) newly discovered evidence (i.e., that which the petitioner could not have uncovered in a timely manner) establishes the defendant is actually innocent of the crime for which he was convicted. *Lackawanna*, 532 U.S. at 405-06. Petitioner makes no such showing in his petition or supporting memorandum.

## Conclusion

Rule 4 Governing Habeas Corpus Proceedings states a habeas corpus petition may be summarily dismissed "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Because Petitioner has not satisfied the preconditions for review set forth by § 2254, dismissal of his petition is warranted.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner's § 2254 petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction;

2. Petitioner failed to make "a substantial showing of the denial of a federal right" and cannot make a substantial showing that this Court's procedural rulings are incorrect as required by Fed. R. App. P. 22 for a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, this Court **DENIES** Petitioner a certificate of appealability. *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; and

3. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

**SIGNED** this the 16th day of June, 2021.

_____
**XAVIER RODRIGUEZ**
**United States District Judge**